IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| BOBBY RAY MOSBY, | ◊ | |
| | ◊ | |
| Plaintiff, | ◊ | |
| | ◊ | |
| vs. | ◊ | No. 07-2144-B/V |
| | ◊ | |
| ASSISTANT DISTRICT ATTORNEY | ◊ | |
| GENERAL GLEN C. BAITY, et al., | ◊ | |
| | ◊ | |
| Defendants. | ◊ | |
| | ◊ | |

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER OF DISMISSAL
ORDER DENYING APPOINTMENT OF COUNSEL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

On February 27, 2007, Plaintiff Bobby Ray Mosby, a resident of Memphis, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983, along with a motion seeking leave to proceed in forma pauperis and appointment of counsel. On the basis of the information provided in Plaintiff's affidavit, the motion for leave to proceed in forma pauperis is GRANTED. The Clerk shall record the defendant as Shelby County Assistant District Attorney General Glen C. Baity and someone identified only as "District Attorney General," which presumably refers to Shelby County District Attorney General Bill Gibbons.

I.   <u>Analysis of Plaintiff's Claims</u>

The factual allegations of the complaint consist, in their entirety, of the following:

> With the power of the State of Tennessee this prosecutor, Glen C. Baity, violated my civil rights. I am a victim of malicious and illegal prosecution. This prosecution [sic] knowingly submitted fraudulent motions against me. This prosecutor had me illegally jailed without cause and had the judge to set an excessive and illegal bail of $36000.00 without charge. In plain english [sic] I am a victim of kidnap and extortion by Shelby County Prosecution.

Plaintiff seeks monetary compensation and injunctive relief.

The Court is required to screen <u>in forma pauperis</u> complaints and to dismiss any complaint, or any portion thereof, if the action—

> (i)     is frivolous or malicious;
>
> (ii)    fails to state a claim on which relief may be granted; or
>
> (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Plaintiff's complaint is subject to dismissal in its entirety.

As a preliminary matter, it is not possible to determine from the face of the complaint which of the various criminal charges pending against Mosby is the subject of this action. According to the Shelby County Criminal Court website, Plaintiff is under indictment for five counts of theft of property valued at $500 or less, in violation of Tenn. Code Ann. § 39-14-103, and two counts of driving while his license is suspended, revoked, or cancelled, in violation of Tenn. Code Ann. § 55-50-504. One

2

indictment is dated June 21, 2005; four are dated June 23, 2005; and the remaining two are dated September 14, 2006.

The complaint contains no factual allegations about Defendant Gibbons, who is identified in the complaint only as "District Attorney General." When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985).

Defendant Gibbons cannot be held liable because of his position as Shelby County District Attorney General. There is no respondeat superior liability under § 1983. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Instead,

> [t]here must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

Id. (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his subordinates, but fails to act, generally cannot be held liable in his individual capacity. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996). In this case, the complaint contains no allegations that Defendant Gibbons "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates," Bellamy, 729 F.2d at 421, or that the allegedly unconstitutional

conduct described in the complaint was the direct result of the failure of Defendant Gibbons to perform a function he was legally obligated to perform, Doe v. Claiborne County, Tenn., 103 F.3d 495, 511-12 (6th Cir. 1996). The standard is not satisfied by allegations that a defendant mishandled a grievance or failed to investigate a complaint. Shehee, 199 F.3d at 300. Therefore, even if it were assumed that Defendant Baity engaged in the malicious prosecution of Plaintiff, Defendant Gibbons could not be personally liable to Plaintiff.

More fundamentally, however, Defendants Baity and Gibbons are absolutely immune for their actions as prosecutors, see Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976); Burns v. Reed, 500 U.S. 478, 490-492 (1991); Grant v. Hollenbach, 870 F.2d 1135, 1137 (6th Cir. 1989); Jones v. Shankland, 800 F.2d 77, 80 (6th Cir. 1986), and, therefore, they cannot be sued for malicious prosecution. As the Sixth Circuit explained:

> O'Neal sued numerous prosecutors for their involvement in his arrest and subsequent attempt to prosecute him. Prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process. . . . This immunity extends to a prosecutor's decision to file a criminal complaint and to seek an arrest warrant. . . . Absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously. The decision to prosecute, even if malicious and founded in bad faith, is unquestionably advocacy and is at the heart of the Imbler holding. . . . Therefore, the prosecutors were entitled to absolute immunity.

O'Neal v. O'Neal, 23 F. App'x 368, 370 (6th Cir. 2001); see also Spurlock v. Thompson, 330 F.3d 791, 797 (6th Cir. 2004) (noting

4

that "prosecutors are absolutely immune from many malicious prosecution claims"); <u>Roybal v. State of Tennessee Dist. Attorney's Office</u>, 84 F. App'x 589 (6th Cir. Dec. 12, 2003).

Although the complaint also seeks injunctive relief, that request runs afoul of the the Anti-Injunction Act, 28 U.S.C. § 2283, which provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Sixth Circuit explained that "[t]he Act thereby creates 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions,' which are set forth in the statutory language." <u>Andreano v. City of Westlake</u>, 136 Fed. Appx. 865, 878 (6th Cir. 2005) (quoting <u>Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs</u>, 398 U.S. 281, 286 (1970)). No exception to the Act is applicable here. <u>Mitchum v. Foster</u>, 407 U.S. 225, 233-38 (1972). This case does not fall within one of the statutory exceptions to the Anti-Injunction Act. Likewise, the Supreme Court held in <u>Younger v. Harris</u>, 401 U.S. 37, 40-41 (1971), that the Anti-Injunction Act precludes federal courts from enjoining pending state criminal prosecutions. Therefore, this Court may not grant Plaintiff injunctive relief.

The Court therefore DISMISSES the complaint in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & (iii), for failure to state a claim on which relief may be granted and because

it seeks monetary relief against defendants who are immune from such relief. Because the case is being dismissed, the motion for appointment of counsel is DENIED.

III. Appeal Issues

The next issue to be addressed is whether Plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal in forma pauperis is, therefore, DENIED.  If Plaintiff files a notice of appeal, he must pay the $455 appellate filing fee in full or file a motion to

proceed <u>in</u> <u>forma</u> <u>pauperis</u> in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

IT IS SO ORDERED this 15th day of August, 2007.

<u>s/ J. DANIEL BREEN   </u><br>
UNITED STATES DISTRICT JUDGE